

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

EDWARD F. BLACK,

                Plaintiff,

      - against –

THE NEW YORK CITY POLICE
DEPARTMENT, at Richmond County, Staten
Island, NY,

                Defendant.

------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**
19-CV-757 (AMD)

ANN M. DONNELLY, United States District Judge:

On February 5, 2019, the *pro se* plaintiff Edward Black, currently detained at Brooklyn Detention Complex,[1] brought this 42 U.S.C. § 1983 action against the New York City Police Department alleging that police officers falsely arrested him on July 26, 2018. The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

The plaintiff, a resident of Staten Island, claims that on July 26, 2018 around 2:00 a.m., he was sleeping in the back seat of a rental car when Richmond County police officers stopped the car, searched it, and found marijuana and PCP. (ECF No. 1 at 4.) The plaintiff was charged with fourth degree criminal possession of a controlled substance, a felony, and four counts of seventh degree criminal possession of a controlled substance, a misdemeanor. (*Id.*) The court adjudicated the plaintiff a youthful offender, and dismissed the felony and three of the

---

[1] I take judicial notice of the records of the New York City jails which state that the plaintiff is detained on charges arising from a January 11, 2019 arrest, not the July 26, 2018 arrest that is the subject of this lawsuit.

1

misdemeanor counts on July 31, 2018; the court dismissed the remaining misdemeanor count on November 2, 2018. (*Id.* at 6.) The plaintiff now seeks money damages for "psychological damages, mental anguish, and emotional distress" stemming from the alleged false arrest. (*Id.* at 4.)

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Likewise, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Although courts must read *pro se* complaints with "special solicitude," and interpret them liberally to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted), a complaint still must plead enough "facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To establish a claim under § 1983, the plaintiff must allege that "the conduct complained of . . . [was] committed by a person acting under color of state law," and "deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

The complaint is deficient because it names the NYPD as the defendant; the NYPD is a non-suable agency of the City of New York. N.Y.C. Charter § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir. 2007) ("The district court

correctly noted that the NYPD is a non-suable agency."); *see Araujo v. City of New York*, No. 08–CV–3715, 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010). Accordingly, the claim against the NYPD is dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

The plaintiff's complaint filed *in forma pauperis* is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b)(ii). *See* 28 U.S.C. § 1915A(b). The Clerk of Court is respectfully directed to amend the caption to reflect the dismissal of the NYPD as a defendant. However, a court dismissing a *pro se* complaint should grant leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and quotation marks omitted); *see Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (Courts should permit *pro se* plaintiffs to amend their complaints to plead individual police officers who are responsible for the alleged deprivation of his constitutional rights and give them notice of the claims against them.). The Court, therefore, grants the plaintiff leave to amend the complaint within 30 days of this Order being entered.

If the plaintiff chooses to file an amended complaint, he must name the individual officers who he claims deprived him of his constitutional rights. He must also specify what claims he brings against each officer, plead facts to support those claims, and state the specific injuries that he suffered. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (A plaintiff "must demonstrate [each] defendant's direct or personal involvement" in the actions that are alleged to have caused the deprivation of the plaintiff's constitutional rights.) (citing *Farrell v. Burke*, 449 F.3d at 484). In addition, the complaint must include an allegation of "a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Andino v. Fischer*, 698 F. Supp. 2d 362, 381 (E.D.N.Y. 2010). If the plaintiff

cannot identify the defendants by name, he may set forth the allegations against each officer, designate the officer as Jane Doe or John Doe, and provide identifying information.

The new complaint must be captioned "Amended Complaint," and bear the same docket number as this Order (19-CV-757 (AMD)). The plaintiff is advised that any amended complaint that he files will completely replace the original complaint, so he should not rely on any allegations in the original complaint he filed. No summonses will issue at this time and all further proceedings will be stayed for thirty (30) days. If plaintiff does not comply with this Order within the time allowed, the action will be dismissed, and judgment will enter. The Clerk of Court is respectfully directed to send the plaintiff a prisoner's civil rights complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                   Ann M. Donnelly
                                                   United States District Judge

Dated: Brooklyn, New York
          March 12, 2019